WRIGHT, Presiding Judge.
This case was commenced by the filing of a disciplinary action against Harvey Atkinson by the Board of Registration of Professional Engineers and Land Surveyors (Board). Following a hearing by the Board, an order was entered suspending and/or revoking the license of Atkinson. Atkinson appealed to the Circuit Court of Montgomery County, Alabama. By pre-trial order, the circuit court bifurcated the trial, designating a preliminary hearing on the procedural issues. After that hearing, the circuit court entered a judgment in favor of Atkinson. The circuit court held (1) that the Board’s hearing was not held within three months of the filing of “charges” as required by § 34-ll-ll(d), Code of Alabama 1975 (now amended to six months), and (2) that the chairman of the Board had conducted a material portion of its hearing without a quorum as required by § 34-11-34, Code 1975, and, therefore, the proceedings were void. From this judgment, the Board appeals.
The Board contends that the circuit court erred in finding that the documents filed with the Board were “charges” within the meaning of § 34-ll-ll(d). That subsection states:
“(d) All charges, unless dismissed by the board as unfounded or trivial, shall be heard by the board within three months after the date on which they shall have been preferred.”
A preferred charge is defined further in § 34 — 11—11(b), which states:
“(b) Any person may prefer charges of violation of this section against any registrant. Such charges shall be in writing and shall be sworn to by the person making them and shall be filed with the secretary of the board.” (Emphasis added.)
The circuit court apparently held and Atkinson argues that two of the complaints brought against Atkinson were sworn charges within the meaning of § 34-11-11(b) and (d). These letters of complaint were sent to the Board on November 18, 1982 and January 11, 1983. The hearing was originally scheduled for April 27, 1983, more than three months after the last complaint. However, these two complaints or charges, although notarized, were not sworn. The word “sworn” means under an oath duly administered. Black’s Law Dictionary 1298-9 (Rev. 5th Ed.1979). In these letters the notary public merely stated that the complainants acknowledged the contents of the documents and signed them voluntarily. There was no mention of an oath, and the word “sworn” was not used. We find such letters were not sworn charges. The only sworn charges were filed by the executive secretary of the Board on March 25, 1985, after investigation of many unsworn complaints by the Board’s investigator. Thus, the three-month time limitation between charge and hearing under § 34-11-11(d) was satisfied. The circuit court erred in holding otherwise.
The Board also contends that the absence of a quorum during a part of the proceeding before the Board did not make it a nullity. The record indicates that at the end of the Board’s case in chief against Atkinson, the chairman held two discussions with the attorneys outside the presence of the other Board members. In these discussions, fourteen of the original thirty charges against Atkinson were dismissed by the chairman for lack of evidence upon the motion of Atkinson’s attorney. Motions to the other counts were denied. Atkinson claims and the circuit court held that the lack of a quorum at any material portion of the hearing makes the whole proceeding a nullity for lack of jurisdiction.
We agree with Atkinson that the presence of a quorum during the taking of testimony and at decision is jurisdictional and cannot be waived by a party. 73 C.J.S. Public Administrative Law and Procedure, § 20 (1983). It is obvious that the Board’s chairman acting alone was not a quorum within the statutory definition of *991 § 34-11-34, Code of Alabama 1975. However, we find no authority and Atkinson cites no authority in support of the proposition that a quorum must be present at the pleading or procedural part of a proceeding. The Alabama legislature has authorized the Board to make its own rules and regulations. § 34-11-35, Code 1975. The Board was acting in accordance with its own rules in this instance. These rules state that the Board’s chairman alone shall rule on all questions of procedure and admissibility of evidence, and that a majority vote (i.e. quorum) is not required on these issues. Rule 330-X1-.10, .11 of the Administrative Code of the Alabama State Board of Registration for Professional Engineers and Land Surveyors. In this instance, the dismissal of charges was upon motion of Atkinson and inured to his benefit. There is no indication in the record of the absence of a quorum during either the testimonial or decisional phase of the hearing. We do not know why other members of the Board were asked by the chairman to leave the room while he heard and ruled on motions to dismiss the charges. We do not intend to indicate approval of such procedure. However, in this case there was no injury to Atkinson even if it was error. Ferguson v. Hamrick, 388 So.2d 981 (Ala.1980). Such act did not vitiate the remainder of the proceeding nor the final decision of the Board, assuming at this point the decision is according to the evidence before the board. That issue remains before the court upon remandment.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.