STEAGALL, Justice.
A disciplinary action was filed against Harvey Atkinson by the Board of Registration of Professional Engineers and Land *992 Surveyors (hereinafter “the Board”). Following a hearing by the Board, Atkinson’s license was revoked. Atkinson appealed to the Circuit Court of Montgomery County. After a preliminary hearing on the procedural issues, the circuit court entered a judgment in favor of Atkinson. The circuit court based its ruling upon two grounds, only one of which is the subject of this opinion. The circuit court held that the chairman of the Board had conducted a material portion of its hearing without the quorum required by Alabama Code (1975), § 34-11-34, and, therefore, that the proceedings were void. The Board appealed to the Court of Civil Appeals.
The Court of Civil Appeals, 493 So.2d 989, reversed the circuit court’s ruling that the proceedings were void. Atkinson filed a petition for writ of certiorari to this Court, which we granted in order to determine whether the absence of a quorum during a part of the Board’s proceedings makes the Board’s ruling a nullity.
A quorum was present during all phases of the hearing except one, which was when the chairman of the Board heard Atkinson’s motions to dismiss. At the end of the Board’s case in chief against Atkinson, the chairman held two discussions with the attorneys outside the presence of the other Board members. In these discussions, fourteen of the original thirty charges against Atkinson were dismissed by the chairman for lack of evidence. Atkinson claims, and the circuit court held, that the lack of a quorum at any material portion of the hearing makes the entire proceeding a nullity for lack of jurisdiction.
In order to conduct business, a quorum of the Board must be present. A quorum consists of not less than three members. § 34-11-34, supra. The presence of a quorum during the taking of testimony and at the making of a decision is jurisdictional and cannot be waived by a party. 73 C.J.S. Public Administrative Law and Procedure, § 20 (1983). There is no evidence in the record of the absence of a quorum during these phases of the hearing before the Board. Although the Board’s chairman was acting alone when he ruled on Atkinson’s motions to dismiss, he was acting in accordance with the rules and regulations of the Board. These rules are as follows:
“330-X-1-.10 Questions of Procedure and Evidence. The Chairman of the Board shall, in accordance with these rules, and except as otherwise provided in these rules, rule upon all questions of procedure and, in the event that evidence is taken, on the admissibility of that evidence. The decision of the Chairman shall be final.
“330-X-l-.il Voting. All members of the Board, including the Chairman, are entitled to vote and to make or second motions. A majority of those members of the Board present and voting on any matter shall decide that matter before the Board, except on procedural and evi-dentiary matters which are provided for in Rule 330-X-1-.10. The Chairman shall vote as a member of the Board.”
Rules 330-X-1-.10 and -.11, Administrative Code of the Alabama State Board of. Registration of Professional Engineers and Land Surveyors.
The chairman’s dismissal of charges against Atkinson was a procedural matter which did not require a majority vote. It is not clear from the administrative rules whether a quorum should have been present to hear the motions to dismiss argued. In this case, the dismissal of the fourteen charges did not injure Atkinson, even if a quorum should have been present. A quorum did hear the evidence on the remaining charges and voted to revoke Atkinson’s license. Since by rule only the chairman is allowed to vote on procedural matters and this rule was followed by the Board and no injury resulted to Atkinson, the remainder of the proceedings and the final decision of the Board are not vitiated. We make no ruling on whether the Board’s final decision is supported by the evidence, since that issue is not properly before us. The judgment of the Court of Civil Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.